REBECCA L. MCKEE-REIMBOLD, Interim City Attorney, SBN 279485
NADIN S. SAID, Acting Assistant City Attorney, SBN 309802
HEATHER K. GRAY, Sr. Deputy City Attorney, SBN 222918
**OFFICE OF THE CITY ATTORNEY – City of Riverside**
3750 University Avenue, Suite 250
Riverside, California 92501
Telephone (951) 826-5567
Facsimile (951) 826-5540
blue@riversideca.gov
hgray@riversideca.gov

Attorneys for Defendant, CITY OF RIVERSIDE, a California charter
city and municipal corporation,
(erroneously sued as "CITY OF RIVERSIDE; RIVERSIDE POLICE
DEPARTMENT")

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARMENA SHENOUDA<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF RIVERSIDE, OFFICER SOUSA, AND DOE OFFICERS 1-10,<br><br>        Defendants. | CASE NO.<br><br>**CITY OF RIVERSIDE'S NOTICE OF REMOVAL**<br><br>First Amended Complaint Filed: 7/18/2025<br><br>Trial Date:        TBD |

## <u>DEFENDANT CITY OF RIVERSIDE'S NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §1331, 28 U.S.C. §1367, 28 U.S.C. §1441, and 28 U.S.C. §1343 (a)(3), City of Riverside hereby removes this state action from The Superior Court of California County of Riverside (Case No. CVRI2500697) to the United States District Court for the Central District of California. In support of this Notice of Removal, City of Riverside (herein Riverside) avers as follows:

### Procedural History and Plaintiff's Allegations

1.  Plaintiff MARMENA SHENOUDA, first filed this action in the Superior Court of California, County of Riverside on February 11, 2025.

2.  Plaintiff filed Substitution of Attorney on July 14, 2025. Plaintiff then filed a First Amended Complaint ("FAC") on July 18, 2025.

3.  Defendant was served with the complaint on August 15, 2025.

4.  Plaintiff alleges eight (8) causes of action: (1) Unlawful Search and Seizure (42 U.S.C. §1983); (2) Excessive Force (42 U.S.C. §1983); (3) Violation of the Americans with Disabilities Act (42 U.S.C. §12132); (4) Failure to Prevent Violation of Others (42 U.S.C. § 1983); (5) Negligence (Cal. Govt. Code §815.2 and California Common Law); (6) False Arrest and Imprisonment (Cal. Govt. Code §§815.2, 820 and California Common Law); (7) Battery (Cal. Govt. Code §820 and California Common Law); (10) Violation of Bane Act (Cal. Civil Code §52.1).

5.  Plaintiff, Marmena Shenouda, alleges that on or about February 17, 2024, around 1:30 AM, he was walking outside, enjoying the fresh air in Downtown Riverside, at or near the intersection of Orange and University. Plaintiff alleges he required the assistance of a walking cane.

CITY OF RIVERSIDE'S NOTICE OF REMOVAL

6. Plaintiff alleges that without provocation, cause or reason, "approximately ten" Riverside Police officers approached him, and summarily commanded that he drop his cane. Plaintiff further alleges that he explained to the officers he was disabled and could not stand without his cane. Plaintiff alleges the officers were unpersuaded by this explanation and "escalated" the contact by "physically engaging" Plaintiff. Plaintiff alleges that Defendant Sousa grabbed Plaintiff by the arm while another officer seized Plaintiff by the neck and a third officer forcibly removed the cane from Plaintiff's hand.

7. Plaintiff alleges that the officers next handcuffed Plaintiff, "in an unreasonable" tight manner, that was punitive. Plaintiff alleges he was told he was being placed under arrest for refusing a lawful order. Plaintiff further alleges he was placed handcuffed, in the back of the police unit.

8. Plaintiff alleges he was subject to excessive physical restraint and repeatedly requested that the officers reduce the level of force being used. Plaintiff further alleges he repeatedly requested to speak with a supervisor on scene. Plaintiff alleges he was eventually seen by a supervisor and that shortly thereafter, he lost consciousness in the back of the patrol unit. Plaintiff further alleges that when he "came to", he was receiving medical aid at Riverside Community Hospital.

9.      Plaintiff alleges that he received medical treatment at Riverside Community Hospital and was then transported to jail, where he spent the next six hours. Plaintiff alleges he was given a citation for resisting arrest and that Riverside County District Attorney declined to issue a criminal complaint.

10.      It is alleged that Officer Sousa and individual unknown officers of Riverside Police Department stopped, searched, and seized Plaintiff. Plaintiff alleges these actions were undertaken against Plaintiff without his consent, without a warrant, without a stated reason, without reasonable suspicion to justify the detention, and in violation of his right to be free from search and seizure as secured by the Fourth Amendment to the United States Constitution.

11. It is alleged that Officer Sousa and individual unknown officers of Riverside Police Department used unreasonable and excess force when detaining and arresting Plaintiff. It is further alleged the force was unreasonable because Plaintiff alleges, he was compliant, non-threatening, and had a visible disability. It is alleged there was a reasonable amount of time for officers to determine a lesser degree of force was warranted. It is alleged Plaintiff suffered nerve damage from his right hand to his elbow, numbness in both hands, a shoulder tear, increased pain in his left shoulder, neck, right knee, back and left hip, as well as an aggravation of existing injuries.

12.     It is alleged Plaintiff is a "qualified individual" with a physical impairment such that he has substantially limited ability to care for himself and control his physical condition as defined under the Americans with Disabilities Act ("ADA"). 42 U.S.C. §12131(2). It is further alleged that Los Angeles County, Riverside County (and while not listed, presumably City of Riverside) are all mandated to develop effective procedures for interactions with disabled individuals. It is alleged that Officer Sousa and other unnamed Riverside police officers denied reasonable accommodations to Plaintiff, as required by ADA and as alleged, were possible under the circumstances.

13.     It is alleged Plaintiff's civil rights were violated, the violations were witnessed by unnamed individual Riverside police officers and that they failed to prevent the violation of Plaintiff's civil rights, once witnessed. It is further alleged the unnamed individual officers and Officer Sousa caused Plaintiff to suffer attorney's fees and that they acted in willful, wanton and conscious disregard of Plaintiff's rights.

14.     Plaintiff alleges Officer Sousa and unnamed individual officers had a duty to use reasonable care interacting with Plaintiff and to not expose him to reasonably foreseeable risks of injury. It is further alleged Officer Sousa and unnamed officers breached this duty, resulting in damages to Plaintiff. It is further alleged this breach was in contravention to Police Officer Standards and Training.

CITY OF RIVERSIDE'S NOTICE OF REMOVAL

15. It is alleged that Officer Sousa and unnamed officers for Riverside Police acted in concert to seize Plaintiff and restrain his movements. It is alleged this was done without consent, a warrant, reasonable suspicion or probable cause. It is further alleged the participants are individually liable for this or liable for preventing another from proceeding with the actions.

16.    It is alleged that Officer Sousa and unnamed officers for Riverside Police Department intentionally seized Plaintiff, resulting in a myriad of injuries. It is further alleged there was no basis for the unreasonable force.

17.    Plaintiff alleges Defendant(s) violated the Bane Act (Cal Civil Code §52.1), which prohibits any person from interfering with another person's exercise or enjoyment of his or her constitutional rights by threats, intimidation, or coercion, by the use of unconstitutionally excessive force. This is alleged twice.

## **Grounds for Removal**

1.    Federal courts can only hear cases authorized by the Constitution and statute. *Gunn v. Minton,* 568 U.S. 251, 251. 28 U.S.C. § 1331 provides original jurisdiction to district courts in cases arising under the Constitution and federal law and treaties; §1441 allows the removal of a civil action brought in state court to a federal district court.

2.      Where an action includes both state and federal issues, the federal court may exercise supplemental jurisdiction to hear the state law claims so long as they arise out of the same case or controversy. U.S.C. §1367.

3.      Here, Plaintiff alleges constitutional violations in four of eight causes of action. Four of the eight causes of action are state issues arising out of the same controversy. Federal courts may exercise federal question jurisdiction over the action if the federal right is an essential element of the cause of action. *Provincial Govt't of Marinduque v. Placer Dome, Inc.* 582 F.3d 1083 (9the Cir. App 2009). Plaintiff alleges constitutional violations in the first, second, third and fourth causes of action. Plaintiff alleges that the failure to train is so closely related to the deprivation of Plaintiff's rights, functioning as the moving factor that caused the ultimate injury. Because the constitutional elements are essential to each of these causes of action, adjudication by a federal district court is appropriate.

4.      Additionally, the constitutional violations alleged in the complaint, Plaintiff, by and through the mention of the words "customs and practices", "pattern" "habits", "color of state law" allude to 28 U.S.C. §1343(a)(3). This statute provides federal question jurisdiction where a plaintiff seeks to redress a deprivation of civil rights under color of any State ordinance, regulation, custom or usage, "of any right privilege or immunity secured by the Constitution of the United States...". 28 U>S.C. §1343(a)(3). Though not specifically cited, Plaintiff

repeatedly mentions civil rights violations using language from 28 U.S.C. §1343 (a)(3), granting federal question jurisdiction to district courts. Thus, removal is proper.

5.      Plaintiff's claims under California law, such as Cal. Civil Code §52.1, Cal. Govt. Code §820 and §829 arise from the same case and controversy brought as a result of the incident on the morning of February 17, 2024; where federal laws and issues predominate. Therefore, the state issues should be reviewed under supplemental jurisdiction, as permitted under 23 U.S.C. §1367. These claims do not raise a novel or complex issue of state law, nor do the state claims predominate over the federal issues. In fact, the opposite is true. The allegations in the complaint predominantly focus on federal constitutional and civil rights violations. Without another compelling reason to deny, removal to United States District Court for the Central District of California is proper.

### The Procedural Requirements for Removal Have Been Satisfied

1.   Where an action is brought in state court, over which there is federal subject matter jurisdiction, defendant may remove the action to the district court of the United States where such action is pending. 28 U.S.C. §1441, §1446.

2.   By submitting this notice, Defendants remove this case to the United States District Court for the Central District of California.

CITY OF RIVERSIDE'S NOTICE OF REMOVAL

This case has been timely removed under 28 U.S.C. §1446. This notice filed on August 21, 2025, satisfies the requirement set forth by 28 U.S.C. §1446 (b)(1) of being within the 30-day period after the receipt of process of the initial complaint, which Defendant received on August 15, 2025.

3.    After filing this Notice of Removal, City of Riverside will promptly serve written notice of this Notice of Removal on counsel for all adverse parties and file the same with the Clerk of The Superior Court of California County of Riverside in accordance with 28 U.S.C.

4.    True and correct copies of all process, pleadings, and orders served on the defendant in the action pending in The Superior Court of California County of Riverside are attached hereto as Exhibit A.

**<u>Non-Waiver of Defenses</u>**

1.  By removing this action from The Superior Court of California County of Riverside, City of Riverside does not waive any defenses available to it.

2.    By removing this action from the Superior Court of California County of Riverside, City of Riverside does not admit any of the allegations in plaintiff's complaint.

DATED: August 20, 2025          OFFICE OF THE CITY ATTORNEY


By:  *Heather K. Gray*
      HEATHER K. GRAY, ESQ.
      Attorneys for Defendants,
      CITY OF RIVERSIDE

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CITY OF RIVERSIDE, a public entity; Officer SOUSA ID 2074, and DOES 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARMENA SHENOUDA, an individual,

</td><td>

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of Riverside

Riverside Historic Courthouse

4050 Main Street, Riverside, CA 92501

</td><td>

CASE NUMBER:
*(Número del Caso):*

CVRI2500697

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Humberto Guizar, Law Offices of Humberto Guizar, 3500 W. Beverly Blvd., Montebello, CA 90640

<table>
<tr>
<td>DATE: 02/11/2025<br>*(Fecha)*</td>
<td>Clerk, by <br>*(Secretario)* <i>Cynthia Ronczyk Montalvo</i><br>C. Ronczyk Montalvo</td>
<td>, Deputy<br>*(Adjunto)*</td>
</tr>
</table>

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

GC68150(g)

1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation)      [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] other *(specify):*

4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Humberto Guizar, Esq. SBN: 125769<br>LAW OFFICES OF HUMBERTO GUIZAR<br>3500 W. Beverly Blvd.<br>Montebello, CA 90640<br>TELEPHONE NO.: (323) 725-1151    FAX NO: (323) 597-0101<br>ATTORNEY FOR *(Name):* Plaintiff, MARMENA SHENOUDA | | **FOR COURT USE ONLY**<br><br>Electronically FILED by Superior Court of California, County of Riverside on 02/11/2025 03:42 PM<br>Case Number CVRI2500697 0000119624596 - Jason B. Galkin, Executive Officer/Clerk of the Court By Cynthia Ronczyk Montalvo, Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  RIVERSIDE
  STREET ADDRESS: 4050 Main Street
  MAILING ADDRESS: same as above
  CITY AND ZIP CODE: Riverside, CA 92501
  BRANCH NAME: Riverside Historic Courthouse

CASE NAME:
MARMENA SHENOUDA v. CITY OF RIVERSIDE, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ **Unlimited**        ☐ **Limited**<br>(Amount            (Amount<br>demanded         demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CVRI2500697<br><br>JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
  ☐ Auto (22)
  ☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  ☐ Asbestos (04)
  ☐ Product liability (24)
  ☐ Medical malpractice (45)
  ☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
  ☐ Business tort/unfair business practice (07)
  ☑ Civil rights (08)
  ☐ Defamation (13)
  ☐ Fraud (16)
  ☐ Intellectual property (19)
  ☐ Professional negligence (25)
  ☐ Other non-PI/PD/WD tort (35)
**Employment**
  ☐ Wrongful termination (36)
  ☐ Other employment (15)

**Contract**
  ☐ Breach of contract/warranty (06)
  ☐ Rule 3.740 collections (09)
  ☐ Other collections (09)
  ☐ Insurance coverage (18)
  ☐ Other contract (37)
**Real Property**
  ☐ Eminent domain/Inverse condemnation (14)
  ☐ Wrongful eviction (33)
  ☐ Other real property (26)
**Unlawful Detainer**
  ☐ Commercial (31)
  ☐ Residential (32)
  ☐ Drugs (38)
**Judicial Review**
  ☐ Asset forfeiture (05)
  ☐ Petition re: arbitration award (11)
  ☐ Writ of mandate (02)
  ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
  ☐ Antitrust/Trade regulation (03)
  ☐ Construction defect (10)
  ☐ Mass tort (40)
  ☐ Securities litigation (28)
  ☐ Environmental/Toxic tort (30)
  ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
  ☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
  ☐ RICO (27)
  ☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
  ☐ Partnership and corporate governance (21)
  ☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties          d. ☐ Large number of witnesses
  b. ☐ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve                 in other counties, states, or countries, or in a federal court
  c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 02/11/25
Humberto Guizar

(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**   SHENOUDA vs CITY OF RIVERSIDE

CITY OF RIVERSIDE

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **08/20/2025** | **8:30 AM** | **Department 6** |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*

C. Ronczyk Montalvo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**   SHENOUDA vs CITY OF RIVERSIDE

OFFICER SOUSA ID 2074

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **08/20/2025** | **8:30 AM** | **Department 6** |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*
C. Ronczyk Montalvo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**  CVRI2500697

**Case Name:**  SHENOUDA vs CITY OF RIVERSIDE

HUMBERTO GUIZAR
3500 W. BEVERLY BLVD.
Montebello, CA 90640

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **08/20/2025** | **8:30 AM** | **Department 6** |
| Location of Hearing: **4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)




Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*
C. Ronczyk Montalvo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**   SHENOUDA vs CITY OF RIVERSIDE

MARMENA SHENOUDA

### NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 08/20/2025 | 8:30 AM | Department 6 |
| Location of Hearing: | | |
| 4050 Main Street, Riverside, CA 92501 | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161-830-3643 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)



Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*

C. Ronczyk Montalvo, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVRI2500697

CITY OF RIVERSIDE                    SOUSA ID 2074, OFFICER

GUIZAR, HUMBERTO                     SHENOUDA, MARMENA
3500 W. BEVERLY BLVD.
Montebello, CA 90640

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**   SHENOUDA vs CITY OF RIVERSIDE

HUMBERTO GUIZAR
3500 W. BEVERLY BLVD.
Montebello, CA 90640

## NOTICE OF DOCUMENT QUALITY ASSURANCE

You have received this notice because the quality assurance staff discovered an issue in the document you presented for filing to the court. Please note this is a courtesy notice to you and not a notice of legal sufficiency or insufficiency of the document. In correcting and/or resubmitting the document to the court for filing, please be aware that you must comply with any and all applicable rules and laws pertaining to the filing of documents with the court. Be further advised that, except as otherwise permitted by law, the receipt and/or filing of the document by the clerk is a ministerial act done for internal quality assurance purposes only and is not to be construed as having any impact on the legal rights of the parties in any way whatsoever.

Original filed document as to Civil Case Cover Sheet received on 2/11/25 by Plaintiff. Form CM-010 was revised on 1/1/24. Doc. submitted not recent version. Refer to courts website for updated version. Document imaged and filed as received.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*
C. Ronczyk Montalvo, Deputy Clerk

CW-NDQA
(Rev. 11/20/17)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**   SHENOUDA vs CITY OF RIVERSIDE

MARMENA SHENOUDA

## NOTICE OF DOCUMENT QUALITY ASSURANCE

You have received this notice because the quality assurance staff discovered an issue in the document you presented for filing to the court. Please note this is a courtesy notice to you and not a notice of legal sufficiency or insufficiency of the document. In correcting and/or resubmitting the document to the court for filing, please be aware that you must comply with any and all applicable rules and laws pertaining to the filing of documents with the court. Be further advised that, except as otherwise permitted by law, the receipt and/or filing of the document by the clerk is a ministerial act done for internal quality assurance purposes only and is not to be construed as having any impact on the legal rights of the parties in any way whatsoever.

Original filed document as to Civil Case Cover Sheet received on 2/11/25 by Plaintiff. Form CM-010 was revised on 1/1/24. Doc. submitted not recent version. Refer to courts website for updated version. Document imaged and filed as received.

### CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the foregoing notice on this date, by depositing said copy as stated above.

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*

C. Ronczyk Montalvo, Deputy Clerk

CW-NDQA
(Rev. 11/20/17)

Electronically FILED by Superior Court of California, County of Riverside on 07/18/2025 09:49 AM
Case Number CVRI2500697 0000135699514 - Jason B. Galkin, Executive Officer/Clerk of the Court By Olga Ramirez-Chavez, Clerk

1  GREGORY L. KIRAKOSIAN  (SBN 294580)
   [greg@kirakosianlaw.com]
2  **KIRAKOSIAN LAW, APC**
   11684 VENTURA BLVD., SUITE 975
3  STUDIO CITY, CALIFORNIA 91604
   TELEPHONE: (213) 986-5389
4  FACSIMILE:  (213) 477-2355

5  *Attorneys for Plaintiff,*
   MARMENA SHENOUDA
6

7          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                      **COUNTY OF RIVERSIDE**

9

10  MARMENA SHENOUDA,                    **Case No.:  CVRI 2500697**

11          Plaintiff,
                                          **PLAINTIFF'S FIRST AMENDED**
12                                        **COMPLAINT FOR DAMAGES**

13     vs.                               1. Unlawful Search and Seizure (42
                                             U.S.C. § 1983);
14  CITY OF RIVERSIDE, OFFICER          2. Excessive Force (42 U.S.C. § 1983);
    SOUSA, AND DOE OFFICERS 1-10,       3. Americans with Disabilities Act
15                                          Violation (42 U.S.C. § 12132);
16          Defendants,                 4. Failure to Prevent Violation of
                                             Others (42 U.S.C. § 1983);
17                                       5. Negligence;
18                                       6. False Arrest / Imprisonment;
19                                       7. Battery;
                                         8. Violation of the Bane Act (Cal. Civ.
20                                          Code § 52.1);
21
22                                        **DEMAND FOR JURY TRIAL**

23
24
25
26
27
28

                                  - 1 -
                    **PLAINTIFF'S COMPLAINT FOR DAMAGES**

1

**INTRODUCTION**

2      1.      Plaintiff Marmena Shenouda ("Plaintiff"), hereby files this Complaint for

3   Damages against City of Riverside, Officer Sousa, and DOE Officers 1-10.

4      2.      As discussed in further detail herein, this Complaint arises out of an

5   incident that occurred on February 17, 2024, at or near Orange Street and University

6   Avenue, in the City of Riverside, in the County of Riverside.   Plaintiff alleges that the

7   Defendants' conduct constituted or led to the violation of his Fourth Amendment

8   rightrs and accompanying State law violations against Plaintiff.

9

**JURISDICTION AND VENUE**

10      3.      This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

11   1343(a)(3)-(4) because Plaintiff's claims arises under the laws of the United States,

12   including the United States Constitution, the Fourth Amendment, and 42 U.S.C. §

13   1983.

14      4.      This Court has supplemental jurisdiction over Plaintiff's State law claims

15   pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal

16   claims that they form part of the same case or controversy under Article III of the

17   United States Constitution.

18      5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all

19   incidents, events, and occurrences giving rise to this action occurred in the County of

20   Riverside, California, and because all Defendants reside in the County of Riverside,

21   California.

22      6.      Defendant City of Riverside was timely served with a claim for damages

23   on or about June 27, 2024, pursuant to California Government Code §§ 910 and 911,

24   *et seq.*  The claim for damages was rejected on or about August 25, 2024.  In

25   accordance with Government Code § 945.6, Plaintiff timely filed his Complaint on

26   February 11, 2024, within six months of the date of that rejection.

27

28

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

**KIRAKOSIAN LAW, APC**

1 **PARTIES AND GENERAL ALLEGATIONS**

2     7.    At all relevant times, the individual Plaintiff Marmena Shenouda was

3 residing in the County of Riverside, California.

4     8.    At all relevant times, Officer Sousa and DOE Officers 1-10, were

5 individuals residing in the County of Riverside, California. Hereinafter, these

6 Defendants will be referred to collectively as the "Individual Officers."

7     9.    At all relevant times, the Individual Officers were acting under the color

8 of law within the course and scope of their employment and duties as agents for

9 Defendant City of Riverside. At all relevant times, the Individual Officers were acting

10 with the complete authority and ratification of their principal, Defendant City of

11 Riverside. Pursuant to California Government Code Section 815.2, Defendant City of

12 Riverside is vicariously liable for the acts, omissions and conduct of its employees.

13     10.    At all relevant times, Defendant City of Riverside is and was a

14 governmental entity organized and existing under the laws of the State of California in

15 the County of Riverside, California. Herein after, the Individual Officers and City of

16 Riverside will be collectively referred to as "Defendants".

17     11.    At all relevant times, City of Riverside is and was a chartered subdivision

18 of the State of California with the capacity to be sued. City of Riverside is responsible

19 for the actions, omissions, policies, procedures, practices, and customs of its various

20 employees, agents and agencies, including its own police force and its agents and

21 employees, including the Individual Officers. At all relevant times, Defendant City of

22 Riverside was responsible for assuring that the actions, omissions, policies,

23 procedures, practices, and customs of its police force and its employees and agents

24 complied with the laws of the United States and of the State of California, including

25 the Individual Officers.

26     12.    The true names and/or capacities of the Individual Officers designated as

27 DOES are unknown to Plaintiff at this time and therefore Plaintiff files this Complaint

28 against said DOE Defendants by such fictitious names. Plaintiff will seek leave of

1   Court to amend the Complaint to identify the true names and capacities of said DOE

2   Defendants when their names are ascertained.

3         13.   Plaintiff is informed and believes, and upon such information and belief,

4   alleges that, at all relevant times,   each Defendant is the agent, employee, alter ego,

5   servant, successor-in-interest and/or joint venturer of each other defendant and that in

6   doing the things herein alleged, each Defendant was acting within the course, scope,

7   and authority of such agency, employment, service, successor-in-interest and/or joint

8   venture.

9         14.   Plaintiff is informed and believes, and upon such information and belief,

10  alleges that, each Defendant is contractually, strictly, vicariously liable and/or

11  otherwise legally responsible in some manner for each and every act, omission,

12  obligation, event or happening set forth herein. Plaintiff

13        15.   Plaintiff is informed and believes, and upon such information and belief,

14  alleges that, each Defendant acting as a employer or principal, was negligent in the

15  selection and hiring of each and every other Defendant as an agent, servant, employee,

16  successor-in-interest, and/or joint venturer. Further, the acts of each Defendant, were

17  consented to, ratified and/or authorized and confirmed by each other defendant.

18        16.   Plaintiff is informed and believes, and upon such information and belief,

19  alleges that, the acts of each Defendant was fully ratified by each and all other

20  Defendants. Specifically, and without limitation, Plaintiff is informed and believes,

21  and upon such information and belief, alleges that, the actions, failures to act, and

22  breaches alleged herein are attributed to one or more Defendant was approved,

23  ratified, and done with the cooperation and knowledge of each and all of the other

24  Defendants.

25  **SHORT STATEMENT OF INCIDENT**

26        17.   The incident giving rise to this action occurred on February 17, 2024, at

27  approximately 1:30 a.m., at or near the intersection of Orange Street and University

28  Avenue, in the City of Riverside, County of Riverside.

KIRAKOSIAN LAW, APC

1   18. Prior to any law enforcement contact, Plaintiff was walking in the area to

2 get fresh air. Plaintiff was walking in Downtown Riverside, at Orange Street and

3 University Avenue, a public street, not bothering anyone, nor committing any crime.

4 As Plaintiff was lawfully walking with the assistance of his cane, he was approached

5 by the Individual Officers conducted the search and seizure at issue in this action.

6   19. Plaintiff is informed and believes, and upon such information and belief,

7 alleges that the Individual Officers initially stopped/approached Plaintiff without any

8 reasonable suspicion or probable cause.

9   20. Plaintiff first became aware of law enforcement presence when

10 approximately ten officers approached and surrounded him, issuing commands for

11 Plaintiff to drop his cane.

12   21. Plaintiff attempted to explain that he was disabled and could not stand

13 without his cane. Nonetheless, the officers repeated their command and immediately

14 escalated the encounter by physically engaging Plaintiff. Officer Sousa grabbed

15 Plaintiff by the arm, another officer seized Plaintiff by the neck, and a third officer

16 forcibly removed the cane from Plaintiff's hand. Plaintiff was then handcuffed and

17 violently placed in a patrol vehicle. He was told by the Individual Officers that he was

18 being arrested for allegedly refusing a lawful order. In fact, the Plaintiff was not

19 charged and/or convicted with any crime by the District Attorney's office regarding

20 the encounter that is the subject of this lawsuit.

21   22. The Individual Officers placed handcuffs on Plaintiff in an unreasonable

22 tight manner that was punitive. As the defendant officers were proceeding to place

23 Plaintiff in a patrol car, he told the officers that he was disabled and that he should not

24 be placed in a patrol car with handcuffs.

25   23. During the detention, Plaintiff continued to inform officers of his

26 disability and requested that they reduce the level of force being used. While

27 restrained in the vehicle, Plaintiff asked to speak with a supervisor. A supervisor

28 eventually responded, but when asked why Plaintiff was being detained, the

KIRAKOSIAN LAW, APC

PLAINTIFF'S COMPLAINT FOR DAMAGES

1  supervisor responded, "I don't know. I'm trying to find out what's going on—just

2  hang tight." Shortly after, Plaintiff lost consciousness in the back of the vehicle. When

3  he regained consciousness, he was receiving treatment at Riverside Community

4  Hospital.

5      24.   After being discharged from the hospital, Plaintiff was transported to jail,

6  where he remained in custody for approximately six hours before being released. He

7  was charged with one count of resisting arrest under California Penal Code section

8  148. The charges were subsequently dropped by the District Attorney's office.

9      25.   As a result of the foregoing, Plaintiff suffered damages including, but not

10  limited to: past and future economic and non-economic losses and the violation of

11  Plaintiff's State and Federal civil rights.

12     26.   For the conduct alleged above, Plaintiff hereby bring the following causes

13  of action:

## **FIRST CLAIM FOR RELIEF**

### **Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

### (*Plaintiff Against All Individual Officers*)

17     27.   Plaintiff repeats and realleges each and every allegation in the preceding

18  paragraphs of this Complaint with the same force and effect as if fully set forth herein.

19     28.   On February 17, 2024, the Individual Officers stopped, searched, and

20  seized the Plaintiff's person.

21     29.   The Individual Officers searched and seized Plaintiff's person and

22  property, and did so intentionally, in that the Individual Officers acted with a

23  conscious objective to search and seize Plaintiff.

24     30.   Specifically, by means of force and a show of authority, the Individual

25  Officers commanded and ordered that the Plaintiff refrain from moving, leaving the

26  location of the interaction, or going about his business.

27     31.   At all relevant times, the encounter was not a consensual encounter, but a

28  search and seizure in which Plaintiff was not at liberty to ignore the police presence

1  and go about Plaintiff's business.

2      32.   At all relevant times before the Individual Officers conducted the search

3  and seizure, the Individual Officers did not have a warrant to conduct the search and

4  seizure.

5      33.   At all relevant times before and at the time the Individual Officers

6  conducted the search and seizure, the Individual Officers did not have the express

7  consent of Plaintiff to conduct the search and seizure.

8      34.   At all relevant times before, during, and after the Individual Officers

9  conducted the search and seizure, the Individual Officers did not state any reason or

10  basis as to why the seizure was needed, necessary, reasonable, or lawful.

11      35.   At all relevant times before the Individual Officers conducted the seizure,

12  the Plaintiff had not, did not, and was not about to commit any crime. Moreover,

13  Plaintiff is informed and believes, and upon such information and belief, alleges that

14  the Individual Officers observed no facts or circumstances that would lead a

15  reasonable law enforcement officer to believe that Plaintiff had, did, or was about to

16  commit any crime.

17      36.   At all relevant times before the Individual Officers conducted the seizure,

18  the Plaintiff was not subject to a lawful arrest.

19      37.   At all relevant times before and at the time the Individual Officers

20  conducted the search and seizure, there was no lawful or justifiable basis that would

21  justify the scope or length of the search and seizure.

22      38.   At all relevant times before and at the time the Individual Officers

23  conducted the search and seizure, there were no facts apparent to the Individual

24  Officers that would lead the Individual Officers to believe that Plaintiff's might gain

25  possession of a weapon.

26      39.   At all relevant times before the Individual Officers conducted the search

27  and seizure, there were no facts apparent to the Individual Officers that would lead the

28  Individual Officers to reasonably believe that Individual Officers might destroy or

KIRAKOSIAN LAW, APC

- 7 -

1 | hide evidence.

2 |     40.   At all relevant times before the Individual Officers conducted the search

3 | and seizure, there were no facts apparent to the Individual Officers that would lead the

4 | Individual Officers to reasonably believe that there were any exigent circumstances

5 | where there was insufficient time to get a search warrant.

6 |     41.   When conducting the search and seizure, the Individual Officers violated

7 | Plaintiff's rights to be secure against unreasonable searches and seizures as guaranteed

8 | to Plaintiff under both State law and the Fourth Amendment to the United States

9 | Constitution.

10 |     42.   The Individual Officers conducted the search and seizure, as described

11 | herein, and did so intentionally, in that it was their conscious objective to search and

12 | seize Plaintiff.

13 |     43.   Based on the objective facts readily available and known to the Individual

14 | Officers, no reasonable conclusion could be drawn that Plaintiff had committed, was

15 | committing, or was about to commit any crime.

16 |     44.   Based on the objective facts readily available and known to the Individual

17 | Officers, no reasonable conclusion could be drawn to conclude that the search and

18 | seizure was reasonable or lawful under the circumstances.

19 |     45.   Although not required as proof of the unlawful search and seizure,

20 | Plaintiff alleges that the Individual Officers acted with either the knowledge and intent

21 | to violate Plaintiff's civil rights, or with a reckless disregard that their intentional

22 | actions would likely lead to the violation of Plaintiff's civil rights.

23 |     46.   Individual Officers violated not only their departmental training, but

24 | California's "Police Officer Standards and Training" policies as well all common

25 | sense and human decency.

26 |     47.   The Individual Officers knew that their conduct could and would likely

27 | result in the violation of Plaintiff's State and Federal civil rights.

28 |     48.   The Individual Officers knew that their conduct could and would likely

KIRAKOSIAN LAW, APC

- 8 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

1   result in further significant injury or the unnecessary and wanton infliction of

2   emotional distress.

3       49.   The Individual Officers disregarded the risks that their conduct would

4   likely result in a violation of rights and cause damages to Plaintiff.

5       50.   As a result of the misconduct alleged herein, the Individual Officers are

6   liable for Plaintiff's injuries, either because they were integral participants in causing

7   damages and the violation of Plaintiff's civil rights, or because they failed to intervene

8   to prevent these violations.

9       51.   As described above, conduct and actions of the Individual Officers

10   deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth

11   Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as

12   described herein.

13       52.   Due to the conduct of the Individual Officers, Plaintiff has been required

14   to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

15   damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

16       53.   The Individual Officers acted in a willful, wanton, malicious, and

17   oppressive manner with a conscious disregard of Plaintiff's rights conferred upon

18   Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

19   damages. In so acting, the Individual Officers manifested a conscious or reckless

20   disregard for Plaintiff's rights, so as to justify the assessment of punitive and

21   exemplary damages against the Individual Officers in a sum to be established

22   according to proof.

## SECOND CLAIM FOR RELIEF

### Excessive Force in Violation of 42 U.S.C. § 1983

*(Plaintiff Against All Individual Officers)*

26       54.   Plaintiff repeats and realleges each and every allegation in the preceding

27   paragraphs of this Complaint with the same force and effect as if fully set forth herein.

28       55.   As described above, on February 17, 2024, the Individual Officers used

- 9 -

KIRAKOSIAN LAW, APC

1    unreasonable and excessive force when detaining and arresting Plaintiff, including but

2    not limited to grabbing Plaintiff by the arm and neck, forcibly removing his cane,

3    pushing, and physically restraining him with unnecessary aggression despite his clear

4    communication that he was disabled and required the use of a cane to stand.

5        56.    The force used was excessive under the circumstances, particularly given

6    Plaintiff's compliance, non-threatening behavior, and visible disability.

7        57.    As a direct and proximate result of the Individual Officers' use of

8    excessive force, Plaintiff suffered nerve damage from his right hand to his elbow,

9    numbness in both hands, a right shoulder tear, and increased pain in his left shoulder,

10   neck, right knee, back, and left hip, including the aggravation of pre-existing injuries.

11       58.    At all relevant times, the Individual Officers had a duty to use reasonable

12   care in their interaction with the Plaintiff and to ensure that an individual is free from

13   foreseeable risks of harm and not to expose persons to reasonably foreseeable risks of

14   injury, including, but not limited to, the use of excessive force that caused harm to

15   Plaintiff.

16       59.    Neither the basis for the seizure nor the methods used to conduct the

17   seizure were legal, justifiable, reasonable, or based on any reasonable or probable

18   cause.

19       60.    At all relevant times and specifically at the time that force was used:

20       a.    The nature of the crime or other circumstances known to the

21   Individual Officers was not of the type that would lead a reasonable law enforcement

22   officer to believe that the extent of the force used was reasonable, lawful, necessary,

23   or justifiable;

24       b.    The Plaintiff was not engaged in any conduct that would lead a

25   reasonable law enforcement officer to believe that Plaintiff posed an immediate threat

26   to the safety of the Individual Officers or to others;

27       c.    The Plaintiff was not engaged in any conduct that would lead a

28   reasonable law enforcement officer to believe that Plaintiff were actively resisting

KIRAKOSIAN LAW, APC

- 10 -

PLAINTIFF'S COMPLAINT FOR DAMAGES

1 | arrest or attempting to evade arrest by flight;

2 |      d.    The Individual Officers had a reasonable amount of time that would
3 | lead a reasonable law enforcement officer to determine that a less intrusive and less
4 | excessive amount of force would accomplish the lawful objectives of the Individual
5 | Officers.

6 |      e.    No reasonable law enforcement officer would determine that the
7 | amount of force used by the Individual Officers was reasonable or necessary given the
8 | need for the use of force;

9 |      f.    The Individual Officers made no efforts to temper or limit the
10 | amount of force used, and in fact, had equally effective and available alternative
11 | methods to accomplish the lawful (or even unlawful) objectives of the Individual
12 | Officers;

13 |      g.    There was no ongoing criminal actions, violent actions, or security
14 | problems that would lead a reasonable law enforcement officer to believe that the
15 | amount of force used by the Individual Officers was reasonable, lawful, necessary, or
16 | justifiable;

17 |      h.    There were no officers or persons' lives which were at risk by the
18 | circumstances or conduct by Plaintiff that would lead a reasonable law enforcement
19 | officer to believe that the extent of the force used was reasonable, lawful, necessary,
20 | or justifiable;

21 |      i.    It was practical for a reasonable law enforcement officer to give
22 | warnings of an imminent intention to use such a degree of force, yet the Individual
23 | Officers failed to give such warning;

24 |      j.    It would have been apparent to any reasonable person or law
25 | enforcement officer that the Plaintiff had a physical disability, as he was visibly using
26 | a cane for mobility and repeatedly stated that he could not stand without it, as
27 | described further below in Plaintiff's ADA claim;

28 |      k.    There was no probable cause for a reasonable officer to believe that

KIRAKOSIAN LAW, APC

- 11 -

1  Plaintiff had engaged in any violent or threatening conduct, nor were the Individual

2  Officers responding to any calls arising from alleged violence.

3      61.   The Individual Officers violated Plaintiff's State and Federal civil rights

4  by using excessive force when the Individual Officers violently, recklessly, and

5  needlessly escalated an encounter into one with the use of extreme physical force.

6      62.   No objective facts readily available and known to the Individual Officers

7  could have reasonably led a reasonable law enforcement officer to conclude that the

8  use of force upon Plaintiff was reasonable, lawful, or justified.

9      63.   Further, the Defendants' actions and use of force violated not only their

10  training and standard police officer training, but all common sense and human

11  decency.

12      64.   Defendants' unjustified excessive use of force deprived Plaintiff of rights

13  to be secure against unreasonable use of force as guaranteed under State law and the

14  Fourth Amendment of the United States Constitution.

15      65.   The Individual Officers knew, or in the exercise of ordinary and

16  reasonable care should have known, that Defendants' conduct posed a significant risk

17  of harm to Plaintiff.

18      66.   The Individual Officers knew that their conduct could and would likely

19  result in the violation of Plaintiff's State and Federal civil rights.

20      67.   The Individual Officers knew that their conduct could and would likely

21  result in further significant injury or the unnecessary and wanton infliction of

22  emotional distress.

23      68.   The Individual Officers disregarded the risks that their conduct would

24  likely result in a violation of rights and cause damages to Plaintiff.

25      69.   As a result of the misconduct alleged herein, the Individual Officers are

26  liable for Plaintiff's injuries, either because they were integral participants in causing

27  damages and the violation of Plaintiff's civil rights, or because they failed to intervene

28  to prevent these violations.

KIRAKOSIAN LAW, APC

- 12 -

1    70.    As described above, conduct and actions of the Individual Officers

2  deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth

3  Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as

4  described herein.

5    71.    Due to the conduct of the Individual Officers, Plaintiff has been required

6  to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

7  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

8    72.    The Individual Officers acted in a willful, wanton, malicious, and

9  oppressive manner with a conscious disregard of Plaintiff's rights conferred upon

10  Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

11  damages. In so acting, the Individual Officers manifested a conscious or reckless

12  disregard for Plaintiff's rights, so as to justify the assessment of punitive and

13  exemplary damages against the Individual Officers in a sum to be established

14  according to proof.

## THIRD CLAIM FOR RELIEF

**Violations of the Americans with Disabilities Act (42 U.S.C. § 12132)**

*(Plaintiff Against All City of Riverside)*

18    73.    Plaintiff repeats and realleges each and every allegation in the preceding

19  paragraphs of this Complaint with the same force and effect as if fully set forth herein.

20    74.    At all relevant times, Plaintiff was a "qualified individual," with a

21  physical impairment which includes, but is not limited to, a physical impairment of

22  the body that forces him to wear an AFO, that substantially limited his ability to care

23  for himself and control his physical condition as defined under the Americans with

24  Disabilities Act ("ADA"), 42 U.S.C. §12131 (2).

25    75.    The County of Los Angeles is a covered entity for purposes of

26  enforcement of the ADA, 42 U.S.C. §12131 (2), as explained by regulations under

27  these laws. The County of Los Angeles is mandated under the ADA not to

28  discriminate U.S.C. §12182 (a).

KIRAKOSIAN LAW, APC

- 13 -

76.    Under the ADA, the County of Riverside is mandated to develop effective procedures for interactions with individuals with physical disabilities and to ensure the protection of their personal and civil rights.

77.    The Individual Deputies knew that Plaintiff was suffering from a physical disability, and Plaintiff politely asked for reasonable accommodations, but they did not take that into account when they chose to escalate the situation, shout simultaneously, and ultimately use excessive force.

78.    The Individual Deputies had numerous options to reasonably accommodate Plaintiff's condition , including but not limited to the following:

     a.    Approaching the situation calmly, patiently, and with respect for Plaintiff's dignity;

     b.    Asking for assistance in moving Plaintiff;

     c.    Employing de-escalation techniques such as calm communication, active listening, and non-threatening body language;

     d.    Allowing Plaintiff the time to safely maneuver in light of his physical disability and need for assistance;

     e.    Not forcing Plaintiff to engage in physical maneuvers that would either be unnecessarily painful or difficult;

     f.    Not forcing Plaintiff to engage in physical maneuvers that would further harm his physical disability;

     g.    Implementing strategies to allow more time for the situation to de-escalate and/or allow Plaintiff to move without harm or further injury;

     h.    Following clear, empathetic communication protocols designed for interacting with individuals with physical disabilities;

     i.    Use the fact that Plaintiff was alone in a safe environment in which no other persons were at risk and use that time and space dialogue and work towards a peaceful resolution.

     j.    Refraining from yelling, shouting, threatening, and brandishing

KIRAKOSIAN LAW, APC

- 14 -

1  firearms, which can escalate tensions and exacerbate the interaction;

2      79.   As described above, the Individual Deputies had numerous options to

3  reasonably accommodate Plaintiff's condition.

4      80.   The County of Riverside and its agents violated the ADA by: failing to

5  properly train its police officers to respond and interact peacefully with persons with

6  physical disabilities, failing to follow procedures for de-escalation and non-excessive

7  force in interactions with persons experiencing physical disabilities, and failing to

8  utilize any of the above reasonable accommodations.

9      81.   The Individual Deputies knew, or in the exercise of ordinary and

10  reasonable care should have known, that Defendants' conduct posed a significant risk

11  of harm to Plaintiff.

12      82.   The Individual Deputies knew that their conduct could and would likely

13  result in the violation of Plaintiff's State and Federal civil rights.

14      83.   The Individual Deputies knew that their conduct could and would likely

15  result in further significant injury or the unnecessary and wanton infliction of

16  emotional distress.

17      84.   The Individual Deputies disregarded the risks that their conduct would

18  likely result in a violation of rights and cause damages to Plaintiff.

19      85.   As a result of the misconduct alleged herein, the Individual Deputies are

20  liable for Plaintiff's injuries, either because they were integral participants in causing

21  damages and the violation of Plaintiff's civil rights, or because they failed to intervene

22  to prevent these violations.

23      86.   As described above, conduct and actions of the Individual Deputies

24  deprived Plaintiff of rights guaranteed by the ADA, resulting in harm and damages to

25  Plaintiff, as described herein.

26      87.   Due to the conduct of the Individual Deputies, Plaintiff has been required

27  to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

28  damage in a sum to be proved at trial.

- 15 -

**FOURTH CLAIM FOR RELIEF**

**Failure to Prevent Violations of Others in Violation of 42 U.S.C. § 1983**

*(Plaintiff Against All Individual Officers)*

88.    Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

89.    As described herein, the Individual Officers violated Plaintiff's civil rights.

90.    As Plaintiff's rights were being violated, the Individual Officers were present and witnessed the conduct of each other Defendant.

91.    Based on the facts readily available and known to the Individual Officers, no reasonable conclusion could be drawn that the conduct of each other Defendant was lawful or justified.

92.    The Individual Officers had an affirmative duty to preserve the peace and protect Plaintiff's right to be free from harm and the violation of Plaintiff's rights. This includes the duty to stop others from violating the law and specifically from unlawfully searching, seizing, detaining, and arresting individuals, including the Plaintiff.

93.    The Individual Officers were in a position and had the ability to stop the unlawful conduct against Plaintiff and had knowledge or should have known that his rights were being violated.  However, the Individual Officers intentionally refused to act, failed to prevent it, and allowed the conduct to continue.

94.    The Individual Officers knew, or in the exercise of ordinary and reasonable care should have known, that Defendants' conduct posed a significant risk of harm to Plaintiff.

95.    The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

96.    The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of

- 16 -

KIRAKOSIAN LAW, APC

1  emotional distress.

2      97.  The Individual Officers disregarded the risks that their conduct would
3  likely result in a violation of rights and cause damages to Plaintiff.

4      98.  As a result of the misconduct alleged herein, the Individual Officers are
5  liable for Plaintiff's injuries, either because they were integral participants in causing
6  damages and the violation of Plaintiff's civil rights, or because they failed to intervene
7  to prevent these violations.

8      99.  As described above, conduct and actions of the Individual Officers
9  deprived Plaintiff of rights guaranteed by the United States Constitution, the Fourth
10  Amendment, and 42 U.S.C. § 1983, resulting in harm and damages to Plaintiff, as
11  described herein.

12      100.  Due to the conduct of the Individual Officers, Plaintiff has been required
13  to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's
14  damage in a sum to be proved at trial and recoverable pursuant to 42 U.S.C. §1988.

15      101.  The Individual Officers acted in a willful, wanton, malicious, and
16  oppressive manner with a conscious disregard of Plaintiff's rights conferred upon
17  Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing
18  damages. In so acting, the Individual Officers manifested a conscious or reckless
19  disregard for Plaintiff's rights, so as to justify the assessment of punitive and
20  exemplary damages against the Individual Officers in a sum to be established
21  according to proof.

**FIFTH CLAIM FOR RELIEF**

**Negligence**

*(Plaintiff Against All Defendants)*

25      102.  Plaintiff repeats and realleges each and every allegation in the preceding
26  paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27      103.  At all relevant times, the Individual Officers  had a duty to use reasonable
28  care in their interaction with the Plaintiff and to ensure he is free from foreseeable

KIRAKOSIAN LAW, APC

1    risks of harm and not to expose him to reasonably foreseeable risks of injury,

2    including, but not limited to, causing harm to Plaintiff as alleged herein.

3        104. As described herein, the Individual Officers breached that duty of care

4    owed to the public and to the Plaintiff by failing to act with the requisite care required

5    and engaging in the violation of Plaintiff's State and Federal claims as set forth in

6    further detail herein.

7        105. The Individual Officers knew, or in the exercise of ordinary and

8    reasonable care should have known, that their conduct posed a significant risk of harm

9    to Plaintiff's.

10        106. Based on the objective facts readily available and known to the Individual

11    Officers, no reasonable conclusion could be drawn to conclude that the search and

12    seizure was reasonable or lawful under the circumstances.

13        107. Individual Officers violated not only their departmental training, but

14    California's "Police Officer Standards and Training" policies as well all common

15    sense and human decency.

16        108. The Individual Officers knew that their conduct could and would likely

17    result in the violation of Plaintiff's State and Federal civil rights.

18        109. The Individual Officers knew that their conduct could and would likely

19    result in further significant injury or the unnecessary and wanton infliction of

20    emotional distress.

21        110. The Individual Officers disregarded the risks that their conduct would

22    likely result in a violation of rights and cause damages to Plaintiff.

23        111. As a result of the misconduct alleged herein, the Individual Officers are

24    liable for Plaintiff's injuries, either because they were integral participants in causing

25    damages and the violation of Plaintiff's civil rights, or because they failed to intervene

26    to prevent these violations.

27        112. At all relevant times, the Individual Officers were acting with the

28    complete authority and ratification of their principal, Defendant City of Riverside.

KIRAKOSIAN LAW, APC

1    Pursuant to California Government Code Section 815.2, Defendant City of Riverside

2    is vicariously liable for the acts, omissions and conduct of its employees and

3    vicariously liable for all State claims set forth herein.

### SIXTH CLAIM FOR RELIEF

**False Arrest / Imprisonment**

*(Plaintiff Against All Defendants)*

7    113.  Plaintiff repeats and realleges each and every allegation in the preceding

8    paragraphs of this Complaint with the same force and effect as if fully set forth herein.

9    114.  As described in detail herein, the Individual Officers searched and seized

10   Plaintiff's person and property, and did so intentionally, in that the Individual Officers

11   acted with a conscious objective to search and seize Plaintiff.

12   115.  At all relevant times, the encounter was not a consensual encounter, but a

13   search and seizure in which Plaintiff was not at liberty to ignore the police presence

14   and go about Plaintiff's business.

15   116.  Individual Officers violated not only their departmental training, but

16   California's "Police Officer Standards and Training" policies as well all common

17   sense and human decency.

18   117.  As described in further detail herein, the Individual Officers intentionally

19   deprived Plaintiff of his freedom of movement that Plaintiff did not knowingly or

20   voluntarily consent.

21   118.  The Individual Officers knew that their conduct could and would likely

22   result in the violation of Plaintiff's State and Federal civil rights.

23   119.  The Individual Officers knew that their conduct could and would likely

24   result in further significant injury or the unnecessary and wanton infliction of

25   emotional distress.

26   120.  The Individual Officers disregarded the risks that their conduct would

27   likely result in a violation of rights and cause damages to Plaintiff.

28   121.  As a result of the misconduct alleged herein, the Individual Officers are

1    liable for Plaintiff's injuries, either because they were integral participants in causing

2    damages and the violation of Plaintiff's civil rights, or because they failed to intervene

3    to prevent these violations.

4        122.  At all relevant times, the Individual Officers were acting with the

5    complete authority and ratification of their principal, Defendant City of Riverside.

6    Pursuant to California Government Code Section 815.2, Defendant City of Riverside

7    is vicariously liable for the acts, omissions and conduct of its employees and

8    vicariously liable for all State claims set forth herein.

9        123.  The Individual Officers acted in a willful, wanton, malicious, and

10   oppressive manner with a conscious disregard of Plaintiff's rights conferred upon

11   Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

12   damages. In so acting, the Individual Officers manifested a conscious or reckless

13   disregard for Plaintiff's rights, so as to justify the assessment of punitive and

14   exemplary damages against the Individual Officers in a sum to be established

15   according to proof.

### SEVENTH CLAIM FOR RELIEF

**Battery**

*(Plaintiff Against All Defendants)*

19       124.  Plaintiff repeats and realleges each and every allegation in the preceding

20   paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21       125.  As alleged herein, on February 17, 2024, the Individual Officers seized

22   Plaintiff's person.  When doing so, the Individual Officers did so with the use of

23   unnecessary, unreasonable, and excessive force.  The Individual Officers, without

24   Plaintiff's consent and without legal justification, intentionally used harmful and

25   offensive physical contact against Plaintiff by grabbing his arm and neck, forcibly

26   removing his cane, and pushing him during the course of an unlawful detention.

27       126.  The physical force used was unreasonable and excessive under the

28   circumstances and caused Plaintiff physical injury and emotional distress, including

but not limited to nerve damage from his right hand to elbow, numbness in both hands, a right shoulder tear, and aggravated pain in his previously injured left shoulder, neck, right knee, back, and left hip.

127. As a direct and proximate result of the conduct of the Individual Officers, Plaintiff sustained damages including physical injuries, emotional distress, medical expenses, and loss of income.

128. At all relevant times, the Individual Officers had a duty to use reasonable care in their interaction with the Plaintiff and to ensure that an individual is free from foreseeable risks of harm and not to expose such person to reasonably foreseeable risks of injury, including, but not limited to, the use of excessive force that caused harm to Plaintiff.

129. Neither the basis for the seizure nor the methods used to conduct the seizure were legal, justifiable, reasonable, or based on any reasonable or probable cause.

130. The Individual Officers violated Plaintiff's State and Federal civil rights by using excessive force when the Individual Officers violently, recklessly, and needlessly escalated an encounter into one with the use of extreme physical force.

131. No objective facts readily available and known to the Individual Officers could have reasonably led a reasonable law enforcement officer to conclude that the use of force upon Plaintiff was reasonable, lawful, or justified.

132. Further, the Individual Officers actions and use of force violated not only their training and standard police officer training, but all common sense and human decency.

133. Defendants' unjustified excessive use of force deprived Plaintiff of rights to be secure against unreasonable use of force as guaranteed under State law and the Fourth Amendment of the United States Constitution.

134. As described in further detail herein, the Individual Officers intentionally made physical and offensive contacts toward Plaintiff which he did not consent.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

KIRAKOSIAN LAW, APC

135. The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

136. The Individual Officers knew that their conduct could and would likely result in further significant injury or the unnecessary and wanton infliction of emotional distress.

137. The Individual Officers disregarded the risks that their conduct would likely result in a violation of rights and cause damages to Plaintiff.

138. As a result of the misconduct alleged herein, the Individual Officers are liable for Plaintiff's injuries, either because they were integral participants in causing damages and the violation of Plaintiff's civil rights, or because they failed to intervene to prevent these violations.

139. At all relevant times, the Individual Officers were acting with the complete authority and ratification of their principal, Defendant City of Riverside. Pursuant to California Government Code Section 815.2, Defendant City of Riverside is vicariously liable for the acts, omissions and conduct of its employees and vicariously liable for all State claims set forth herein.

140. The Individual Officers acted in a willful, wanton, malicious, and oppressive manner with a conscious disregard of Plaintiff's rights conferred upon Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing damages. In so acting, the Individual Officers manifested a conscious or reckless disregard for Plaintiff's rights, so as to justify the assessment of punitive and exemplary damages against the Individual Officers in a sum to be established according to proof.

## EIGHTH CLAIM FOR RELIEF

### Violation of the Bane Act

*(Plaintiff Against All Defendants)*

141. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs of this Complaint with the same force and effect as if fully set forth herein.

KIRAKOSIAN LAW, APC

142.  California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion (including by violating a person's rights against unlawful searches and seizures, excessive force, and other civil rights violations enumerated herein).

143.  Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

144.  The Bane Act, the California Constitution and California common law prohibit the use of excessive force, wrongful detention and arrest, and other civil rights violations by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. The Individual Officers violated Plaintiff's State and Federal rights as described in detail herein, all of which acts were done intentionally and with a reckless disregard for Plaintiff's rights.

145.  The conduct of the Individual Officers was a substantial factor in causing the harm, losses, injuries, and damages of Plaintiff as described herein.

146.  Defendant Individual Officers, while working as police officers for the City of Riverside, and acting within the course and cope of their duties, interfered with or attempted to interfere with the rights of Plaintiff to be free from unreasonable searches and seizures, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

147.  The Individual Officers knew that their conduct could and would likely result in the violation of Plaintiff's State and Federal civil rights.

KIRAKOSIAN LAW, APC

1      148.  The Individual Officers knew that their conduct could and would likely

2   result in further significant injury or the unnecessary and wanton infliction of

3   emotional distress.

4      149.  The Individual Officers disregarded the risks that their conduct would

5   likely result in a violation of rights and cause damages to Plaintiff.

6      150.  As a result of the misconduct alleged herein, the Individual Officers are

7   liable for Plaintiff's injuries, either because they were integral participants in causing

8   damages and the violation of Plaintiff's civil rights, or because they failed to intervene

9   to prevent these violations.

10      151.  At all relevant times, the Individual Officers were acting with the

11   complete authority and ratification of their principal, Defendant City of Riverside.

12   Pursuant to California Government Code Section 815.2, Defendant City of Riverside

13   is vicariously liable for the acts, omissions and conduct of its employees and

14   vicariously liable for all State claims set forth herein.

15      152.  The Individual Officers acted in a willful, wanton, malicious, and

16   oppressive manner with a conscious disregard of Plaintiff's rights conferred upon

17   Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

18   damages. In so acting, the Individual Officers manifested a conscious or reckless

19   disregard for Plaintiff's rights, so as to justify the assessment of punitive and

20   exemplary damages against the Individual Officers in a sum to be established

21   according to proof.

22      153.  Due to the conduct of the Individual Officers, Plaintiff has been required

23   to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

24   damage in a sum to be proved at trial and recoverable pursuant to California Civil

25   Code, Section 52.1 et seq.

## EIGHTH CLAIM FOR RELIEF

### Violation of the Bane Act

*(Plaintiff Against All Defendants)*

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1     154. Plaintiff repeats and realleges each and every allegation in the preceding

2    paragraphs of this Complaint with the same force and effect as if fully set forth herein.

3     155. This claim for relief against Defendants, and each of them, is brought

4    pursuant to Section 51.7 of the California Civil Code and Sections 820 and 815.2 of

5    the California Government Code. As a public employee and entity, respectively,

6    Defendants Officer SOUSA and DOES 1-5, and the CITY OF RIVERSIDE, are liable

7    for injuries caused by their acts and/or omissions to the same extent as private persons

8    or entities.

9     156. On February 17, 2024, Defendants Officer SOUSA and DOES 1-5, used

10   violence and intimidation against Plaintiff based on his protected characteristic of

11   being a man with apparent disability and vulnerability.

12    157. Upon information and belief, a substantial and motivating reason for

13   Defendants Officer SOUSA and DOES 1-5, use of violence and intimidation was

14   because of Plaintiff's protected characteristic of being a physically disabled man

15   Defendants Officer SOUSA and DOES 1-5, reckless disregard of Plaintiff's rights

16   was accompanied by ill will or spite, and was executed with particular harshness and

17   unnecessary severity, warranting punitive damages.

18    158. As a direct and proximate result of said tortious acts and/or omissions of

19   Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in

20   the future to sustain and incur losses, injuries and damages which are itemized as

21   follows:

22     a. Serious and severe personal injuries.

23     b. Expenses for past medical procedures, medical care, and treatment.

24     c. Loss of earnings capacity.

25     d. General damages for pain, suffering, anguish, discomfort, severe emotional

26     distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss

27     of ability to engage in normal and customary life activities.

28     e. Expenses for future medical care, treatment, and healing.

KIRAKOSIAN LAW, APC

1    f. Other and further damages not specifically enumerated but for which Plaintiff

2    will seek leave of court to amend according to proof at the time of trial.

3    159.  The conduct of the Individual Officers was a substantial factor in causing

4    the harm, losses, injuries, and damages of Plaintiff as described herein.

5    160.  Defendant Individual Officers, while working as police officers for the

6    City of Riverside, and acting within the course and cope of their duties, interfered with

7    or attempted to interfere with the rights of Plaintiff to be free from unreasonable

8    searches and seizures, and to be free from state actions that shock the conscience, by

9    threatening or committing acts involving violence, threats, coercion, or intimidation.

10    161.  The Individual Officers knew that their conduct could and would likely

11    result in the violation of Plaintiff's State and Federal civil rights.

12    162.  The Individual Officers knew that their conduct could and would likely

13    result in further significant injury or the unnecessary and wanton infliction of

14    emotional distress.

15    163.  The Individual Officers disregarded the risks that their conduct would

16    likely result in a violation of rights and cause damages to Plaintiff.

17    164.  As a result of the misconduct alleged herein, the Individual Officers are

18    liable for Plaintiff's injuries, either because they were integral participants in causing

19    damages and the violation of Plaintiff's civil rights, or because they failed to intervene

20    to prevent these violations.

21    165.  At all relevant times, the Individual Officers were acting with the

22    complete authority and ratification of their principal, Defendant City of Riverside.

23    Pursuant to California Government Code Section 815.2, Defendant City of Riverside

24    is vicariously liable for the acts, omissions and conduct of its employees and

25    vicariously liable for all State claims set forth herein.

26    166.  The Individual Officers acted in a willful, wanton, malicious, and

27    oppressive manner with a conscious disregard of Plaintiff's rights conferred upon

28    Plaintiff by intentionally, knowingly, and recklessly violating those rights and causing

KIRAKOSIAN LAW, APC

- 26 -

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   damages. In so acting, the Individual Officers manifested a conscious or reckless

2   disregard for Plaintiff's rights, so as to justify the assessment of punitive and

3   exemplary damages against the Individual Officers in a sum to be established

4   according to proof.

5          167.  Due to the conduct of the Individual Officers, Plaintiff has been required

6   to incur Attorneys' fees and will continue to incur attorneys' fees, all to Plaintiff's

7   damage in a sum to be proved at trial and recoverable pursuant to California Civil

8   Code, Section 52.1 et seq.

9   / / /

10  / / /

## DEMAND FOR JURY TRIAL AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Marmena Shenouda hereby demands a jury trial on all causes of action and prays for relief and judgment against City of Riverside and its Individual Officers as follows:

1.  For past and future general damages in an amount to be determined by proof at trial;

2.  For past and future special damages in an amount to be determined by proof at trial;

3.  For punitive and exemplary damages against the Individual Officers;

4.  For reasonable attorneys' fees and costs as provided by statute;

5.  For treble damages pursuant to the Bane and Ralph Act;

6.  For all penalties and other special damages as allowable by law;

7.  For costs of suit incurred herein;

8.  For interest; and

9.  For such other and further relief as the Court deems just and proper.

Date: July 18, 2025

**KIRAKOSIAN LAW, APC**

By _____
GREG L. KIRAKOSIAN
RAFFI S. BATANIAN
*Attorneys for Plaintiff,*
MARMENA SHENOUDA

PLAINTIFF'S COMPLAINT FOR DAMAGES

KIRAKOSIAN LAW, APC



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) –
### *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
### ON EACH PARTY WITH THE COMPLAINT. ***

---

#### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

#### Advantages of ADR:
- Faster: ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive: Parties can save court costs and attorneys' and witness fees.
- More control: Parties choose their ADR process and provider.
- Less stressful: ADR is done informally in private offices, not public courtrooms.

#### Disadvantages of ADR:
- No public trial: Parties do not get a decision by a judge or jury.
- Costs: Parties may have to pay for both ADR and litigation.

#### Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

---

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

### RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

### General Policy:
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

### Court-Ordered ADR:
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

### Private ADR (for cases not ordered to arbitration or mediation):
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

### BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

### RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association:  (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP):  (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO:         FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

### STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference. If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration    ☐ Other (describe): _____

Proposed date to complete ADR: _____

### SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
|---|---|---|
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |
| (PRINT NAME OF PARTY OR ATTORNEY) <br> ☐ Plaintiff  ☐ Defendant | (SIGNATURE OF PARTY OR ATTORNEY) | (DATE) |

**Page 1 of 1**

Electronically FILED by Superior Court of California, County of Riverside on 02/11/2025 03:42 PM
Case Number CVRI2500697 0000119624594 - Jason B. Galkin, Executive Officer/Clerk of the Court By Cynthia Ronczyk Montalvo, Clerk

Humberto Guizar, Esq. (SBN 125769)
E-mail: hguizar@ghclegal.com
**LAW OFFICES OF HUMBERTO GUIZAR**
**A Professional Corporation**
3500 West Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151; Facsimile: (323) 597-0101

Christian Contreras, Esq. (SBN 330269)
E-mail: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**Professional Law Corporation**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000; Fax: (323) 597-0101

Attorney for Plaintiff,
MARMENA SHENOUDA

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### COUNTY OF RIVERSIDE

| | |
|---|---|
| MARMENA SHENOUDA, an individual,<br><br>Plaintiff<br><br>v.<br><br>CITY OF RIVERSIDE, a public entity; Officer SOUSA ID 2074, and DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.:** CVRI2500697<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES RELATING TO:**<br><br>1. Assault and Battery<br>2. Negligence<br>3. Intentional Infliction of Emotional Distress;<br>4. Violation of Cal. Civ. Code Section 52.1 (Bane Act);<br>5. Violation of Cal. Civ. Code Section 51.7 (Ralph Act);<br>6. False Arrest;<br><br>**DEMAND FOR JURY TRIAL** |

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1
## **INTRODUCTION**

2     1.     This is an action for money damages brought pursuant to California

3 Government Code Sections 820, 820.4, 815.2 and Civil Code Section 1714 for

4 Battery, Negligence, Intentional Infliction of Emotional Distress, violation of Civil

5 Code Sections 52.1 (Bane Act) and 57.1 (Ralph Act), and False Imprisonment

6 stemming from Defendant's Police officers Does 1-10, illegal actions against

7 Plaintiff, on February 17, 2024.

8     2.     This action includes claims for personal injuries suffered by Plaintiff

9 arising out of tortious conduct, actions, and/or omissions of Defendants, and each of

10 them, in the CITY OF RIVERSIDE, County of Riverside, State of California.

11
## **THE PARTIES**

12     3.     At all times herein mentioned, Plaintiff MARMENA SHENOUDA

13 (hereinafter, sometimes referred to as "Plaintiff" or "SHENOUDA") is, and was, an

14 individual residing in the County of San Bernardino, State of California. At all times

15 herein mentioned, Defendant CITY OF RIVERSIDE (hereinafter, sometimes

16 referred to as "CITY") is and was a public entity. Defendant CITY included within

17 it several departments and agencies including the Riverside Police Department. At

18 all times herein mentioned, Defendant CITY employed Defendants; Officer SOUSA,

19 and DOES 1-10, inclusive, as Police Officers within its Police Department.

20     4.     Plaintiff is informed and is informed and believes, and based thereon

21 alleges, Defendants, Officer SOUSA, and DOES 1-10, and each of them, were, and

22 are individuals who presently reside, and always herein relevant and material did

23 reside, in the County of San Bernardino, State of California or elsewhere, and are in

24 some way responsible for Plaintiff's injuries and damages.

25     5.     At all times mentioned herein, Defendants, Officer SOUSA, and DOES

26 1-10, and each of them, were each employed as sworn Police Officers, Detectives

27 and/or other employees employed by Defendant CITY and/or others responsible for

28 Plaintiff's injuries and damages. Defendants, Officer SOUSA, and DOES 1-10, and

2

1    each of them, are being sued in both their individual and official capacities and for

2    their acts within the course and scope of their employment.

3          6.    Defendant CITY, including the Riverside Police Department (a

4    Department of Defendant CITY), is responsible for the acts of its employees,

5    Defendants Officer SOUSA, and DOES 1-10, inclusive, and any other unknown

6    employees that participated in causing Plaintiff injuries during the course and scope

7    of their employment as Police Officers, Detectives, and/or other public employees

8    pursuant to Government Code Section 815.2.

9          7.    Plaintiff is informed and believes, and based thereon alleges, that all

10    times herein relevant and material, Defendants, and each of them, were the agents,

11    co-conspirators, servants, employees, partners, joint venturers, predecessors in

12    interest, successors in interest, and authorized representatives of each of the other

13    Defendants, and were at all times relevant herein acting within the purpose, course

14    and scope of their agency, conspiracy, service, employment, partnership, joint

15    ventures and/or representation, and with the knowledge, permission and consent of

16    their principal, employer, partners, joint venturers, co-conspirators, and Co-

17    Defendants.

18          8.    At all times relevant herein, Defendants DOES 1-10, inclusive, were

19    duly appointed Police Officers, agents, and representatives of Defendant CITY,

20    and/or civilian employees, agents, and representatives, and were acting under color

21    of law, to wit, under color of the statutes, ordinances, regulations, policies, customs,

22    and usages of the CITY.

23          9.    At all times relevant hereto, said Defendants, and each of them, were

24    acting within the course and scope of their employment as Police Officers,

25    Detectives, Sergeants, Lieutenants, Captains, Assistant Chiefs, Chiefs and/or civilian

26    employees of Defendant CITY OF RIVERSIDE  and/or the RIVERSIDE  Police

27    Department, which is a department and/or subdivision of the Defendant CITY, and

28    were acting with permission and consent of their co-Defendants. Said Defendants,

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1   and each of them, were specifically authorized by the Defendant CITY and its Police
2   Department to perform the duties and responsibilities of sworn Police Officers and
3   Detectives or employees of and for Defendant CITY, and all acts hereinafter
4   complained of were performed by them within the course and scope of their duties
5   as Officer and Officials for said Defendant, and its Police Department, and are herein
6   sued in their individual and official capacities as Police Officers, Detectives,
7   Sergeants, Lieutenants, Captains, and/or other employees of the Defendant CITY.
8   Said Defendants, and each of them, were acting under color of law, to wit, under the
9   color of the statutes, ordinances, regulations, policies, customs, practices, and usages
10  of the Defendant CITY and/or its Police Department.

11          10.    Plaintiffs are ignorant of the true names and capacities of Defendants
12  sued herein as DOES 1-10, inclusive, and therefore sue these Defendants by such
13  fictitious names. Plaintiffs will amend this complaint to allege said Defendants' true
14  names and capacities when such are ascertained. Plaintiffs are informed and believe
15  and thereon allege that each of the fictitiously named Defendants are responsible in
16  some manner for the occurrences herein alleged, and that Plaintiffs' injuries as
17  herein alleged were proximately caused by the acts and/or omissions of said
18  fictitiously name Defendants.

19          11.    At all times relevant to the present complaint, Defendants Officer
20  SOUSA, and DOES 1-10, inclusive, were acting within their capacity as employees,
21  agents, representatives, and servants of Defendants CITY and its Police Department
22  which are liable under Section 815.2 of the California Government Code, et al.

23                          **JURISDICTION & VENUE**

24          12.    Plaintiffs' claims are for severe personal injuries and are within the
25  "unlimited" jurisdiction of this Court.

26          13.    Venue is proper in this judicial district because the acts at issue
27  transpired in Riverside County, California. Jurisdiction is proper because Plaintiffs'
28  claims exceed the jurisdictional minimum.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1      14.    All necessary and relevant state tort claim procedures have been

2   complied with prior to filing this lawsuit. Plaintiff MARMENA SHENOUDA timely

3   presented his Claim for Damages pursuant to Government Code Sections 910 and

4   911, et seq., to Defendant CITY OF RIVERSIDE, naming within the Claim, Officer

5   SOUSA, and any other unknown employees. Defendant CITY served a notice of

6   rejection of both Plaintiffs' Government Claims. The current lawsuit is filed within

7   six months of the date of the service of the notice of rejection of the government

8   claim.

9                     **FACTUAL ALLEGATIONS**

10     15.    On February 17, 2024, Plaintiff MARMENA SHENOUDA was

11   walking in Downtown Riverside, at Orange Street and University Avenue, a public

12   street, not bothering anyone, nor committing any crime. As Plaintiff was lawfully

13   walking with the assistance of his cane, he was approached by Defendants Officer

14   SOUSA and DOES 1-5. The officers demanded Plaintiff SHENOUDA to surrender

15   his walking cane. He told the defendants that he could not walk without his cane and

16   that he was disabled.

17     16.    Immediately after informing the officers that he could not walk without

18   a cane and that he was disabled, Defendants Officer SOUSA and DOES 1-5

19   approached SHENOUDA. Officer SOUSA grabbed Plaintiff by the arm and another

20   officer grabbed Plaintiff's cane. Plaintiff SHENOUDA was then violently forced

21   into a patrol car and placed under arrest. He was told by Defendants Officer SOUSA

22   and DOES 1-5 he was being arrested for allegedly refusing a lawful order. *In fact,*

23   *the Plaintiff was not charged and/or convicted with any crime by the District*

24   *Attorney's office regarding the encounter that is the subject of this lawsuit.*

25     17.    Defendants Officer SOUSA and DOES 1-5 placed handcuffs on

26   Plaintiff in an unreasonable tight manner that was punitive. As the defendant officers

27   were proceeding to place Plaintiff SHENOUDA in a patrol car, he told the officers

28   that he was disabled and that he should not be placed in a patrol car with handcuffs.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

18.     While Claimant was in custody of the CITY, SHENOUDA complained to the officers that he was in tremendous pain from the physical position they had placed him in. Defendants Officer SOUSA and DOES 1-5 ignored SHENOUDA's complaints but then took him to hospital.  From the Hospital SHENOUDA was then transferred to a jail where he was detained for 6 hours.

19.     Plaintiff SHENOUDA was violently forced into a patrol car and placed under arrest, for allegedly refusing a lawful order. Defendants Officer SOUSA and DOES 1-5 placed handcuffs on Plaintiff SHENOUDA in an unreasonable tight manner that was punitive.

20.     As a direct result of Defendants Officer SOUSA and DOES 1-5 unnecessary use of force, Plaintiff suffered physical and psychological injuries. Plaintiff's mental and emotional wellbeing, relationships, sleep and self-care all continue to be negatively impacted by this traumatic experience. Plaintiff 's damages and injuries include but are not limited to: general damages, including but not limited to, past and future physical, mental, and emotional pain and suffering, in an amount in excess of the jurisdictional minimum, according to proof; special damages, including but not limited to, lost wages and benefits and lost earning capacity, lost household services, past and future hospital, medical, professional, and incidental care and expenses in excess of the jurisdictional minimum, according to proof; prejudgment interest, according to proof; costs of suit incurred, including attorney's fees, according to proof; and damages for Plaintiff's other losses, according to proof.

21.     As a direct and proximate cause of the flagrant and unjustified misconduct of Defendants Officer SOUSA and DOES 1-5, as alleged above, Plaintiff was injured, humiliated, damaged, and suffered and continues to suffer shock and injury to his system, pain and suffering, past and future medical care needs, all pertaining to Plaintiff's special and general damages in an amount within the jurisdiction of this Court.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

22.    At the time of the incident that is the subject of this lawsuit Plaintiff was physically disabled, and he required the use of a cane to ambulate. As, such, Plaintiff was entitled to all protections and rights afforded to disabled persons under the Americans with Disabilities Act (ADA). Defendants Officer SOUSA and DOES 1-5 showed no empathy to Plaintiff when said Defendants unlawfully seized Plaintiff's cane, as described above and forcibly paced Plaintiff in the patrol car with excessively tight handcuffs.

23.    Accordingly, Plaintiff is entitled to punitive and exemplary damages against all individual Defendants except Defendant CITY in an amount to be determined according to proof at trial.

24.    Defendant CITY is responsible for its employees' conduct, within the course and scope of their employment, including the conduct of the individual Defendants under California Government Code Section 815.2.

## FIRST CAUSE OF ACTION

## FOR ASSUALT AND BATTERY

### (Plaintiff MARMENA SHENOUDA Against All Defendants)

25.    Plaintiff refers to all preceding paragraphs and by this reference incorporates all preceding paragraphs as though fully set forth herein.

26.    This action is brought pursuant to §§820, 815.2 and 845.6 of the Government Code. Pursuant to §§820, 815.2 and 845.6 of the California Government Code, Defendants CITY, and DOES 1 through 5, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

27.    February 17, 2024, Defendants Officer SOUSA and DOES 1-5, intended to injure and harm Plaintiff by using violent physical force on Plaintiff as described above.

28.    Defendants Officer SOUSA and DOES 1-5, intended to cause, and did, cause Plaintiff to suffer apprehension of an immediate harmful contact.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

29.     Defendants Officer SOUSA and DOES 1-5, used inappropriate, unnecessary, dangerous, excessive, and unreasonable force on SHENOUDA.

30.     By Defendants Officer SOUSA and DOES 1-5, intentionally using unreasonable physical force on Plaintiff, Defendants caused Plaintiff to be seriously injured.

31.     Defendants Officer SOUSA and DOES 1-5, intentional use of unnecessary force on Plaintiff SHENOUDA, proximately caused Plaintiff his injuries and damages.

32.     Defendants Officer SOUSA and DOES 1-5, intentionally used unreasonable and unnecessary force on Plaintiff who was unarmed and did not pose any threat to Defendant OFFICER SOUSA, or others. The actions of  Defendants Officer SOUSA and DOES 1-5,constituted an intentional, unlawful, harmful, and offensive contact with Plaintiff's person. Because of the wrongful and intentional acts of Defendants Officer SOUSA and DOES 1-5, Plaintiff was injured in his  health and dignity and has suffered extreme mental anguish and physical pain.

33.     As a direct and proximate result of said tortious acts and/or omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur losses, injuries and damages which are itemized as follows:

a.     Serious and severe personal injuries.

b.     Expenses for past medical procedures, medical care, and treatment.

c.     Loss of earnings capacity.

d.     General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

e.     Expenses for future medical care, treatment, and healing; and

f.     Other and further damages not specifically enumerated but for which Plaintiffs will seek leave of court to amend according to proof at the time of trial.

8

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1    34.    Defendants, Officer SOUSA and DOES 1-5, engaged in malicious,

2    willful, oppressive, and despicable conduct as herein alleged, and they acted with a

3    conscious disregard of Plaintiff's rights and safety and with an intent to vex, injure,

4    or antagonize Plaintiff such as to constitute oppression, fraud, or malice in violation

5    of Civil Code Section 3294.

6    35.    Plaintiff is entitled to punitive damages against Defendants Officer

7    SOUSA and DOES 1-5, to punish and make an example of his misconduct, in

8    accordance with the intended purpose of the given statute.

9                    **SECOND CAUSE OF ACTION**

10             **FOR NEGLIGENCE INCLUDING NEGLIGENT TACTICS**

11             **(Plaintiff MARMENA SHENOUDA Against All Defendants)**

12    36.    Plaintiff refers to all preceding paragraphs and by this reference

13    incorporates all preceding paragraphs as though fully set forth herein.

14    37.    This action is brought pursuant to §§ 820 and 815.2 of the Government

15    Code. Pursuant to §§ 820 and 815.2 of the California Government Code, Defendants

16    CITY, and DOES 1 through 10, inclusive, are liable for injuries caused by their acts

17    or omissions to the same extent as a private person.

18    38.    At all times, Defendants Officer SOUSA and DOES 1-5, and each of

19    them owed Plaintiff the duty to act with due care in the execution and enforcement

20    of any right, law, or legal obligation. At all times herein mentioned, Defendants

21    Officer SOUSA and DOES 1-5, and each of them had a duty to refrain from engaging

22    in actions in which there was a lack of due care as to the safety and physical security

23    of Plaintiff.

24    39.    At all times herein mentioned, Defendants, and each of them, failed to

25    exercise due care and breached their professional duties by allowing Plaintiff to be

26    assaulted and beaten as alleged herein.

27    40.    Defendants OFFICER SOUSA,  and DOES 1-10, inclusive, negligently

28

9

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1     breached their duty of due care owed to Plaintiff by applying excessive force and
2     flouting restraint or by failing to intervene in the violent and wrongful detention of
3     Plaintiff as it occurred.

4        41.    Furthermore, Defendants' tactics violated POST standards and the
5     Defendant CITY OF RIVERSIDE Police Department's policies and training. The
6     actions of Defendants, and each of them, were the primary and substantial cause of
7     injury sustained by Plaintiff. The negligent actions of the Defendants also inflicted
8     severe emotional distress on Plaintiff.

9        42.    As a direct and proximate result of said tortious acts, and/or omissions
10    of the Defendants, and each of them, Plaintiff has sustained and incurred, and is
11    certain in the future to sustain and incur losses, injuries and damages which are
12    itemized as follows:

13          a.   Serious and severe personal injuries.

14          b.   Expenses for past medical procedures, medical care, and treatment.

15          c.   Loss of earnings capacity

16          d.   General damages for pain, suffering, anguish, discomfort, severe
17                emotional distress, anxiety, worry and mental suffering, loss of
18                enjoyment of life, and loss of ability to engage in normal and customary
19                life activities.

20          e.   Expenses for future medical care, treatment, and healing; and

21          f.   Other and further damages not specifically enumerated but for which
22                Plaintiff will seek leave of court to amend according to proof at the time
23                of trial.

24        43.    The actions of Defendants Officer SOUSA and DOES 1-5, were grossly
25    negligent in that they were malicious, willful, oppressive, and committed with a
26    conscious disregard of Plaintiff's rights and safety, with the intent to vex, injure, or
27    antagonize Plaintiff such as to constitute oppression, fraud, or malice in violation of
28    Civil Code Section 3294.

1

2                              **THIRD CAUSE OF ACTION**

3              **FOR INTENTINAL INFLICTION OF EMOTIONAL DISTRESS**

4               **(Plaintiff MARMENA SHENOUDA Against All Defendants)**

5              44.    Plaintiff refers to all preceding paragraphs and by this reference

6       incorporates all preceding paragraphs as though fully set forth herein.

7              45.    This action is brought pursuant to §§ 820 and 815.2 of the Government

8       Code. Pursuant to §§ 820 and 815.2 of the California Government Code, Defendants

9       Officer SOUSA and DOES 1-5, inclusive, are liable for injuries caused by their acts

10      or omissions to the same extent as a private person.

11             46.    As described above, the conduct of Defendants Officer SOUSA and

12      DOES 1-5 inclusive, was extreme and outrageous, and undertaken intentionally

13      and/or with reckless disregard for the likelihood of causing Plaintiff to suffer extreme

14      emotional distress.

15             47.    As a direct and proximate result of Defendants Officer SOUSA and

16      DOES 1-5, extreme and outrageous conduct, Plaintiff has incurred substantial harm

17      in that he has suffered and will continue to suffer severe emotional distress,

18      humiliation, depression, loss of reputation, damaged relationships, and physical and

19      mental pain, all in a sum according to proof within the jurisdictional limits of this

20      Court.

21             48.    As a direct and proximate result of said tortious acts, and/or omissions

22      of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain

23      in the future to sustain and incur losses, injuries and damages which are itemized as

24      follows:

25                    a.  Serious and severe personal injuries.

26                    b.  Expenses for medical procedures, medical care, and treatment.

27                    c.  Loss of earnings capacity.

28                    d.  General damages for pain, suffering, anguish, discomfort, severe

                                            11

                          **PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  emotional distress, anxiety, worry and mental suffering, loss of
2  enjoyment of life, and loss of ability to engage in normal and customary
3  life activities.

4      e. Expenses for future medical care, treatment, and healing; and

5      f. Other and further damages not specifically enumerated but for which
6      Plaintiff will seek leave of court to amend according to proof at the time
7      of trial.

8      49.   Defendants Officer SOUSA and DOES 1-5, engaged in the acts alleged
9  above maliciously, willfully, and oppressively, and with the specific intent to harm
10 Plaintiff. Furthermore, Defendants Officer SOUSA and DOES 1-5, engaged in this
11 referenced conduct with a conscious disregard of Plaintiff's rights and safety and
12 with the specific intent to vex, injure, or antagonize Plaintiff such as to constitute
13 oppression, fraud, or malice under California Civil Code Section 3294. The plaintiff
14 is therefore entitled to punitive damages in an amount sufficient to punish and make
15 an example of Defendants Officer SOUSA and DOES 1-5 misconduct, in accordance
16 with the intended purpose of the given statute.

17 **FOURTH CAUSE OF ACTION**
18 **FOR DEPRIVATION OF CIVIL RIGHTS**
19 **UNDER CAL. CIV. CODE §52.1 (TOM BANE ACT)**
20 **(Plaintiff MARMENA SHENOUDA Against All Defendants)**

21     50.   Plaintiff refers to all preceding paragraphs and by this reference
22 incorporates all preceding paragraphs as though fully set forth herein.

23     51.   This action is brought pursuant to §§ 820 and 815.2 of the Government
24 Code and § 52.1 of the California Civil Code. Pursuant to §§ 820 and 815.2 of the
25 California Government Code § 52.1 of the California Civil Code, Defendants CITY,
26 and DOES 1 through 10, inclusive, are liable for injuries caused by their acts or
27 omissions to the same extent as a private person.

28 ///

12
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

52.    At all times herein mentioned, Plaintiff had a civil right, pursuant to the California Government Code, the California Civil Code Section 43, and California Constitution, to be free from unlawful and unprivileged harmful contact with his person by a government entity and/or public employee. California Civil Code Sections 52 and 52.1(a)(b), protects Plaintiff from an interference and violation of rights secured by the Constitution of the United States and Constitution and laws of California, including but not limited to, the right to be free from an unlawful arrest or detention, The rights to accommodation under the Americans with Disabilities Act, and to be free from an unlawful and unprivileged harmful contact with his person by a public employee.

53.    Defendants Officer SOUSA and DOES 1-5, in the course and scope of their respective employment with Defendant CITY OF RIVERSIDE, acted with intent and with a motivation of hate, and with the use of threats, intimidation and/or coercion deprived Plaintiff of State Constitutional rights.

54.    Plaintiff claims Defendants Officer SOUSA and DOES 1-5, in the course and scope of their employment with Defendant CITY OF RIVERSIDE, intentionally interfered with his civil rights with threats, intimidation, or coercion.

55.    On February 17, 2024, Defendants Officer SOUSA and DOES 1-5, made threats of violence against Plaintiff causing Plaintiff to reasonably believe that attempting to exercise his right to question the circumstances of his detention and his treatment by sworn police officers, Defendants Officer SOUSA and DOES 1-5, would commit violence against him.

56.    At all times herein mentioned, Defendants Officer SOUSA and DOES 1-5 had the apparent ability to carry out the threats, and then Defendant Defendants Officer SOUSA and DOES 1-5,  did indeed act violently against Plaintiff to prevent him from exercising his right to question the circumstances of his detention and his treatment by sworn police officers.

///

13

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

57.    As a direct and proximate result of said tortious acts and/or omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur, losses, injuries and damages which are itemized as follows:

        a.  Serious and severe personal injuries.

        b.  Expenses for past medical procedures, medical care, and treatment.

        c.  Loss of earnings capacity.

        d.  General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

        e.  Expenses for future medical care, treatment, and healing.

        f.  Attorneys' fees, costs and expenses for this California Civil Code Section 52.1, Bane Act Claim.

        g.  Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

58.    Defendants Officer SOUSA and DOES 1-5, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants Officer SOUSA and DOES 1-5, engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and safety with an intent to vex, injure, or antagonize Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. The plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants Officer SOUSA and DOES 1-5 misconduct, in accordance with the intended purpose of the statute.

59.    Plaintiff is also entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary

14

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  damages, the costs of suit incurred in this action, reasonable attorney's fees as
2  permitted by the Civil Code §§51.7 and 52, and any other additional relief that the
3  court deems proper.

4                              **FIFTH CAUSE OF ACTION**

5     **FOR DEPRIVATION OF CIVIL RIGHTS UNDER CAL. CIV. CODE §51.7**

6                                    **(RALPH ACT)**

7        60.    Plaintiff refers to all preceding paragraphs and by this reference
8  incorporates all preceding paragraphs as though fully set forth herein.

9        61.    This claim for relief against Defendants, and each of them, is brought
10  pursuant to Section 51.7 of the California Civil Code and Sections 820 and 815.2 of
11  the California Government Code. As a public employee and entity, respectively,
12  Defendants Officer SOUSA and DOES 1-5, and the CITY OF RIVERSIDE, are
13  liable for injuries caused by their acts and/or omissions to the same extent as private
14  persons or entities.

15        62.    On February 17, 2024, Defendants Officer SOUSA and DOES 1-5, used
16  violence and intimidation against Plaintiff based on his protected characteristic of
17  being a man with apparent disability and vulnerability.

18        63.    Upon information and belief, a substantial and motivating reason for
19  Defendants Officer SOUSA and DOES 1-5, use of violence and intimidation was
20  because of Plaintiff's protected characteristic of being a physically disabled man
21  Defendants Officer SOUSA and DOES 1-5, reckless disregard of Plaintiff's rights
22  was accompanied by ill will or spite, and was executed with particular harshness and
23  unnecessary severity, warranting punitive damages.

24        64.    As a direct and proximate result of said tortious acts and/or omissions
25  of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain
26  in the future to sustain and incur losses, injuries and damages which are itemized as
27  follows:

28              a. Serious and severe personal injuries.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

b. Expenses for past medical procedures, medical care, and treatment.

c. Loss of earnings capacity.

d. General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

e. Expenses for future medical care, treatment, and healing.

f. Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

65.   Defendants Officer SOUSA and DOES 1-5, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the intent to harm Plaintiff. Defendants Officer SOUSA and DOES 1-5, engaged in despicable conduct and acted with a conscious disregard of Plaintiff's rights and safety with an intent to vex, injure, or antagonize Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294. The Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendant OFFICER SOUSA, 's misconduct, in accordance with the intended purpose of the given statute.

66.   The Plaintiff is also entitled to compensatory damages according to proof, including those permitted by Civil Code § 51.7, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code §§51.7 and 52, and any other additional relief that the court deems proper.

///

///

///

16

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

### FOR FALSE ARREST / IMPRISONMENT

### (Plaintiff MARMENA SHENOUDA Against All Defendants)

67.     Plaintiff refers to all preceding paragraphs and by this reference incorporates all preceding paragraphs as though fully set forth herein.

68.     This action is brought pursuant to §§ 820 and 815.2 of the Government Code. Pursuant to §§ 820 and 815.2 of the California Government Code, Defendants CITY, and DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

69.     As described herein, Defendants Officer SOUSA and DOES 1-5, intentionally deprived SHENOUDA, of his freedom of movement by his use of force. Such deprivation of movement by Defendant OFFICER SOUSA, caused Plaintiff to be restrained, handcuffed, and confined to a patrol vehicle for an appreciable period of time. Plaintiff did not consent to this restraint, detention, and confinement.

70.     Defendants Officer SOUSA and DOES 1-5, arrested Plaintiff without a warrant, probable cause, or reasonable suspicion.

71.     The false imprisonment and wrongful arrest of Plaintiff physically harmed and, in fact, led to his substantial injury when Defendants Officer SOUSA and DOES 1-5, grabbed and accosted Plaintiff, took away his cane, placed handcuffs excessively tight on Plaintiff's wrists, and violently tossed him in a Patrol car without reasonable justification.  In fact, the Plaintiff was not charged with any crime by the District Attorney's office regarding the encounter that is the subject of this lawsuit.

72.     The Plaintiff is informed, believes, and thereon alleges that, at all times relevant and mentioned herein, the conduct of Defendants Officer SOUSA and DOES 1-5, inclusive, were a substantial factor in causing Plaintiff his injuries.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

73.    The Plaintiff is further informed and alleges that he was harmed by Defendants Officer SOUSA and DOES 1-5, false arrest/imprisonment and that Defendants CITY is liable for the harm.

74.    As a direct and proximate result of said tortious acts, and/or omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain in the future to sustain and incur losses, injuries and damages which are itemized as follows:

    a.    Serious and severe personal injuries.

    b.    Expenses for medical procedures, medical care, and treatment.

    c.    Loss of earnings capacity.

    d.    General damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of ability to engage in normal and customary life activities.

    e.    Expenses for future medical care, treatment, and healing; and

    f.    Other and further damages not specifically enumerated but for which Plaintiff will seek leave of court to amend according to proof at the time of trial.

75.    Defendants Officer SOUSA and DOES 1-5,, engaged in the acts alleged above maliciously, willfully, and oppressively, and with the specific intent to harm Plaintiff. Furthermore, Defendants Officer SOUSA and DOES 1-5,   engaged in this referenced conduct with a conscious disregard of Plaintiff's rights and safety and with the specific intent to vex, injure, or antagonize Plaintiff such as to constitute oppression, fraud, or malice under California Civil Code Section 3294.

76.    The Plaintiff is therefore entitled to punitive damages in an amount sufficient to punish and make an example of Defendants Officer SOUSA and DOES 1-5, misconduct, in accordance with the intended purpose of the given statute.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff MARMENA SHENOUDA prays for judgment against Defendants, and each of them, as follows:

1.     For all special damages including, but not limited to, expenditures for all past and future medical care, treatment, and services in connection with Plaintiff's injuries, in a sum to be determined according to proof at the time of trial.

2.     For all special damages including, but not limited to, loss of present earnings, future earnings, and earnings potential.

3.     For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, anxiety, worry and mental suffering, loss of enjoyment of life, and loss of the ability to engage in normal and customary life activities.

4.     For other and further general damages in a sum according to proof at time of trial.

5.     For prejudgment interest pursuant to California Civil Code Section 3291 and other relevant statutory and case law according to proof.

6.     For costs of suit incurred herein.

7.     For civil penalties under the Bane Act;

8.     For Reasonable Attorneys' Fees, Costs and Expenses to Plaintiff on the Fourth Cause of Action for Interference with Civil Rights under California Civil Code Section 52.1 (the Bane Act) (as to Defendants Officer SOUSA and DOES 1-5, only).

9.     For exemplary and punitive damages as to Defendants Officer SOUSA and DOES 1-5.

10.    For such other and further relief as this court may deem just and proper.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1  Dated: February 11, 2025

2                    **LAW OFFICES OF HUMBERTO GUIZAR, APC**

3

4                    By:  _____

5                         HUMBERTO GUIZAR
                         Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---
20
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

1

2

3    ## DEMAND FOR JURY TRIAL

4    Plaintiff hereby demands a trial by jury.

5    Dated: February 11, 2025

6    **LAW OFFICES OF HUMBERTO GUIZAR, APC**

7

8    By: _____
     HUMBERTO GUIZAR

9    Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501
www.riverside.courts.ca.gov

**Case Number:**   CVRI2500697

**Case Name:**     SHENOUDA vs CITY OF RIVERSIDE

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Eric A Keen in Department 6 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 02/21/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: *Cynthia Ronczyk Montalvo*
C. Ronczyk Montalvo, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Riverside, State of California, and not a party to the above-entitled cause.

On August 21, 2025, I served the within: **CITY OF RIVERSIDE'S NOTICE OF REMOVAL** on the interested parties in said action addressed as follows:

| | |
|---|---|
| GREGORY L. KIRAKOSIAN<br>Email: greg@kirakosianlaw.com<br>**KIRAKOSIAN LAW, APC**<br>11684 VENTURA BLVD., SUITE 975<br>STUDIO CITY, CALIFORNIA 91604<br>TELEPHONE: (213) 986-5389<br>FACSIMILE: (213) 477-2355 | *Attorneys for Plaintiff,*<br>***MARMENA SHENOUDA*** |

( X ) **VIA ELECTRONIC SERVICE** - I caused the documents to be electronically served to the email addresses of the interested parties as listed above. Said documents were transmitted from my electronic address of ougoagu@riversideca.gov. I did not receive, within reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service as made. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on August 21, 2025, at Riverside, California.

*Beverly Ugoagu*
_____
Beverly Ugoagu